UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| PROPERTY-OWNERS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.:  4:15-cv-102 |
| JEFFREY KELLY, TERESA NICKLES, and MEGAN NICKLES, | ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF PROPERTY-OWNERS INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff, Property-Owners Insurance Company, by counsel, and for its Complaint for Declaratory Judgment, alleges as follows:

1.      This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 for the purpose of determining an actual controversy between the parties as to liability coverage.

2.      Plaintiff Property-Owners Insurance Company (hereinafter "Property-Owners") is a Michigan corporation and a citizen of the State of Michigan, at all relevant times maintained its principal place of business in Lansing, Michigan, and was at all relevant times licensed to conduct insurance business in the State of Indiana.

3.      Defendant Jeffrey Kelly is and was at all relevant times herein a citizen of the State of Indiana, residing in Clark County at 20828 Cabin Hill Road, Borden, Indiana 47106.

4.      Defendant Teresa Nickles is and was at all relevant times herein a citizen of the State of Indiana, residing in Clark County at 2624 Tanner Dr., Sellersburg, Indiana 47172.

5.      Defendant Megan Nickles is and was at all relevant times herein a citizen of the State of Indiana, residing in Clark County at 2624 Tanner Dr., Sellersburg, Indiana 47172.

6.      The amount in controversy satisfies the requirements for a diversity of citizenship jurisdiction as it exceeds $75,000.00, exclusive of interest and costs as Jeffrey Kelly alleges he suffered extensive and significant bodily injuries, including but not limited to a shattered pelvis, fractured sacrum, fracture to the L4-5 vertebrae, intestinal bruising, brain bleed, laceration to the head, right wrist fracture, broken spine of vertebrae in the lumbar spine, and cracked ribs.

7.      Jurisdiction in this district is appropriate, as the requirements for a diversity of citizenship have been met because Plaintiff is a citizen of Michigan and no Defendant is a citizen of Michigan.

8.      Venue in this district is appropriate under 28 U.S.C. § 1391 as the motor vehicle accident which gives rise to this dispute occurred on April 6, 2015 in Clark County, Indiana, which is in this District, and the policy of insurance was issued in this District.

9.      Defendants are made parties to this action to assert their respective rights and interests, if any, as to excess liability coverage under an insurance policy issued by Plaintiff Property-Owners to Named Insured Teresa Nickles, with regard to liability coverage for alleged damages to Jeffrey Kelly arising out of a motor vehicle accident that occurred on April 6, 2015 between a motorcycle operated by Jeffrey Kelly and a 2009 Ford Fusion owned by Teresa Nickles and operated by Megan Nickles on S.R. 60 near Poindexter Lane in Sellersburg, Indiana, Clark County (the "Accident").

10.     Property-Owners issued an Executive Umbrella Policy to Teresa Nickles, Policy Number 44-831-506-14, with effective dates from March 12, 2015 to March 12, 2016.  A true, accurate and certified copy of the Executive Umbrella Policy is attached hereto and marked as Exhibit "A".

11.     Prior to the Accident, Teresa Nickles maintained a policy of Automobile liability insurance with Auto-Owners Insurance Company, Policy Number 44-831-506-13, with liability limits of $500,000 per person and $500,000 per occurrence (the "Automobile Policy").  A true, accurate and certified copy of the Automobile Policy is attached hereto and marked as Exhibit "B".

12.     On May 12, 2014, Teresa Nickles cancelled her Auto coverage with Auto-Owners.  A true and accurate copy of the statement of cancellation showing a Cancellation Effective date of May 12, 2014 is attached hereto and marked as Exhibit "C".

13.     On or about May 12, 2014, Teresa Nickles obtained auto insurance through Grange Insurance under Policy Number PA 1487499-00 with liability limits of $250,000 per person, $500,000 per occurrence ("Grange Policy").  On the date of the accident, April 6, 2015, the amended Grange Policy issued under the same Policy Number was in effect ("Amended Grange Policy").  A true and accurate copy of Teresa Nickles' Auto Policy Declarations Page for the Amended Grange Policy is attached hereto and marked as Exhibit "D".

14.     At the time of the Accident, Megan Nickles, the daughter of Teresa Nickles, was operating the 2009 Ford Fusion.

15.     At the time of the Accident, the 2009 Ford Fusion was covered by the Amended Grange Policy.

16.    The Property-Owners Executive Umbrella Policy issued by Plaintiff Property-Owners to Teresa Nickles provided the following Insuring Agreement:

## INSURING AGREEMENT

We agree to provide insurance subject to all the terms of this policy. In return, you must pay the premium and comply with all the policy terms.

This policy applies to personal injury and property damage which occur during the policy period as shown in the Declarations. The limits of our liability and the premium are also shown in the Declarations.

Exhibit "A", p. 5.

17.    The Property-Owners Executive Umbrella Policy issued by Plaintiff Property-Owners to Teresa Nickles contained the following pertinent Definitions:

## DEFINITIONS

\*\*\*

**"You"** or **"your"** means the person named in the Declarations and his or her spouse if living in the same household.

\*\*\*

**"Retained limit"** means the greater of:

(a)    the sum of the limits of liability:

    (1)    stated for each policy listed or insurance described in Schedule A; and

    (2)    applying to any other underlying insurance; or

(b)    $250 with respect to any one occurrence not covered by other insurance.

\*\*\*

**"Ultimate net loss"** means the amount payable in settlement of losses for which the insured is liable by:

4

> (a)    court judgment; or
>
> (b)    compromise with our written consent.
>
> All recoveries and salvage collected will be deducted from this amount.
>
> But "ultimate net loss" does not include:
>
> (a)    loss or legal expenses (such as attorneys' fees and court costs);
>
> (b)    salaries of employees; or
>
> (c)    office expense;
>
> of the insured, us or any underlying insurer.

Exhibit "A", pp. 5-7.

18.    The Property-Owners Executive Umbrella Policy contained the following pertinent Personal Liability Coverage:

### COVERAGES

> **PERSONAL LIABILITY**
>
> We will pay on behalf of the insured the ultimate net loss in excess of the retained limit which the insured becomes legally obligated to pay as damages because of personal injury or property damage which occurs anywhere in the world.
>
> ***

Exhibit "A", p. 7.

19.    The Property-Owners Executive Umbrella Policy contained the following pertinent Conditions:

### CONDITIONS

> ***

5.      **Maintenance of Underlying Insurance**

You must keep each policy described in Schedule A in full effect during the term of this policy.  This does not apply with respect to any reduction of aggregate limits due to payment of claims.  If you fail to do so, we shall be liable only to the extent we would have been liable had you complied.

When you receive notice that any aggregate limit has been exhausted, you must immediately make all reasonable efforts to reinstate such limits.

You must give us written notice as soon as practicable of:

(a)      any change in the scope of coverage;

(b)      any change in the limits of liability;

(c)      the termination of any coverage; or

(d)      the exhaustion of aggregate limits;

of any policy listed in Schedule A.

Exhibit "A", p. 9. (emphasis supplied).

20.    The Property-Owners Executive Umbrella Policy contained the following

Schedule A of Underlying Insurance:

**SCHEDULE A**
**(Underlying Insurance Requirements)**

| Carrier Code | Type of Policy | You Have Agreed To Maintain Minimum Primary Limits |
|---|---|---|
| A) | Comprehensive Personal Liability Single Limit | $300,000 ea occ |
| B) | Automobile Liability Single Limit | $500,000 |

**UNDERLYING CARRIER SCHEDULE**

A)      PROPERTY-OWNERS INSURANCE COMPANY

6

B)     AUTO-OWNERS INSURANCE COMPANY

Exhibit "A", p. 2.

21.     Teresa Nickles failed to maintain and keep the Automobile Policy described in Schedule A in effect during the term of the Umbrella Policy.

22.     The Property-Owners Executive Umbrella Policy's coverage is not triggered until underlying insurance carriers or the insured have paid the underlying minimum required automobile liability coverage of $500,000 per person, $500,000 per occurrence.

23.     Property-Owners is not required to insure automobile liability below $500,000 under the Property-Owners Executive Umbrella Policy.

24.     Teresa Nickles breached the Maintenance of Underlying Insurance condition of the Property-Owners Executive Umbrella Policy which required that Teresa Nickles procure and at all times maintain certain underlying automobile liability coverage with limits of liability of $500,000 per person, per occurrence.

25.     Teresa Nickles failed to maintain Auto Liability coverage of $500,000 per person at the time of the Accident.

26.     Teresa Nickles breached the Maintenance of Underlying Insurance condition to the Property-Owners Executive Umbrella Policy by failing to provide Property-Owners written notice of any change to the limit of liability coverage of Underlying Insurance coverage.

27.     The Property-Owners Executive Umbrella Policy required Nickles to maintain underlying Auto Liability coverage through an Auto-Owners Group affiliate as a condition to coverage.

28.     Teresa Nickles failed to maintain underlying coverage with an Auto-Owners Group affiliate.

29.    Teresa Nickles' failure to satisfy conditions of the Executive Umbrella Policy negates or limits coverage thereunder.

WHEREFORE, Plaintiff Property-Owners Insurance Company, by counsel, prays that the Court enter declaratory judgment:

A.    Determining the respective rights and responsibilities of the parties under the Property-Owners Executive Umbrella Policy;

B.    Declaring that Property-Owners owes no indemnity under the Property-Owners Executive Umbrella Policy or no indemnity until underlying insurance carriers and/or the insured have paid the underlying required limits of Auto Liability coverage of $500,000 per person for claims arising out of the Accident on April 6, 2015.

C.    All other relief just and proper in the premises.

TAYLOR LAW FIRM, P.C.

*/s/ David L. Taylor* _____
David L. Taylor
Attorney No. 11338-49

*/s/ Misti Presnell DeVore* _____
Misti Presnell DeVore
Attorney No. 20316-49A

TAYLOR LAW FIRM, P.C.
8730 Commerce Park Place, Suite C
Indianapolis, IN 46268
(317) 228-9910
(317) 228-9972 fax
dtaylor@taylorlitigation.com
mdevore@taylorlitigation.com
*Attorneys for Plaintiff,*
*Property-Owners Insurance Company*

8